**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MIGUEL ANGEL URBINA ZAMORA,**<br>**Petitioner,**<br><br>**v.**<br><br>**J.L. JAMISON, Warden, Federal Detention Center, Philadelphia, et al.,**<br>**Respondents.** | : | **Civ. No. 26-7796** |

---

## ORDER

Miguel Angel Urbina Zamora petitions for habeas relief, urging that his immigration detention violates the Immigration and Nationality Act, its implementing regulations, the Administrative Procedure Act, and the Fourth and Fifth Amendments. (Doc. No. 1); 8 U.S.C. § 1101 et seq.; 8 C.F.R. §§ 236.1, 1236.1, 1003.19; 5 U.S.C. § 701 et. seq.; U.S. CONST. amend. IV, V. He asks me to order his release or, alternatively, a bond hearing. (Doc. No. 1 at 2.) The Government opposes Petitioner's request for relief. (Doc. No. 4.) I will grant the Petition in part and order a bond hearing.

In January 2021, Urbina Zamora, a citizen of Mexico and father of two United States citizen children, entered the United States illegally. (Doc. No. 1 ¶ 19; c.f., id. at 2 (alleging Petitioner entered the United States in 2013).) He has a pending asylum application. (Id. at 21.) On October 8, 2026, ICE officers looking for Petitioner's brother arrested Petitioner without a warrant in his driveway as he left for work. (Id. ¶¶ 20, 40.) That same day, ICE issued an administrative arrest warrant and a Notice to Appear charging Petitioner as removable under 8 U.S.C. § 1182(a)(6)(A)(i). (Doc. Nos. 4-2, 4-4.) ICE also provided Petitioner with an I-286 Form, through which he asked that an Immigration Judge review ICE's custody determination. (Doc.

No. 4-1.) DHS did not file that request with the Immigration Court until October 12, 2026, and no bond hearing has been scheduled. (Id.; Doc. No. 4 at 8.)

Unlike in the great majority of recent habeas petitions filed in this Court, there is no dispute that ICE bases Petitioner's detention on 8 U.S.C. § 1226(a), not § 1225(b)(2). (Doc. No. 1 ¶ 28; Doc. No. 4 at 7 n.3); cf. Demirel v. Fed. Det. Ctr. Phila., No. 25-5488, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025) (petitioner not subject to mandatory detention under § 1225(b)(2)); Alekseev v. Warden, Phila. Fed. Det. Ctr., No. 26-0462, 2026 WL 413439 (E.D. Pa. Feb. 13, 2026) (collecting cases); see Buele Morocho v. Warden Phila. FDC, 189 F.4th 287 (3d Cir. 2026). The Government thus urges that Petitioner "must exhaust the administrative remedies provided by § 1226(a) before seeking habeas relief from this Court." Ubaid v. Jamison, No. 26-2681, 2026 WL 1346670, at *2 (E.D. Pa. May 14, 2026); see Demirel, 2025 WL 3218243, at *5 (§ 1226(a) provides for "a bond hearing before an IJ and an appeal to the BIA should the IJ deny bond"). Yet,w Petitioner requested a bond hearing on October 8, and none has been scheduled as of this date—eight days later. (Doc. No. 4 at 8, Ex. A.)

In these circumstances, I will deny Petitioner the habeas relief that he seeks and will order Respondents to provide Petitioner with a bond hearing before an Immigration Judge within five days. See Ubaid, 2026 WL 1346670, at *3 ("[T]he merits of his claims that he is being held in violation of federal law are no[t] ripe for review.") (citing Doe v. Jamison, No. 26-1906, 2026 WL 916568, at *4 n.36 (E.D. Pa. Mar. 31, 2026)).

* * *

**AND NOW**, this 16th day of October 2026, it is hereby **ORDERED** that the Petition (Doc. No. 1) is **GRANTED in part** and **DENIED in part** as follows:

1. **<u>On or before</u> October 21, 2026,** Respondents shall provide Petitioner with an individualized bond hearing before an Immigration Judge, in accordance with 8 U.S.C. § 1226(a);
2. Should the IJ deny bond, Respondents shall provide Petitioner the opportunity to appeal to the Board of Immigration Appeals;
3. The Petition (Doc. No. 1) is otherwise **DENIED**.

**AND IT IS SO ORDERED.**

*/s/ Paul S. Diamond*

**Paul S. Diamond, J.**